DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| VIRGIN ISLANDS UNITY DAY GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOVERNMENT OF THE VIRGIN ISLANDS, ROY MARTIN, in his official capacity as Tax Assessor, <br><br> Defendants. | Civil No. 2008-47 |

**ATTORNEYS:**

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Carol Thomas-Jacobs, AAG**
St. Thomas, U.S.V.I.
    *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the Government of the Virgin Islands ("the Government") and Bernadette Williams in her official capacity as Tax Assessor[1] ("Williams") (together, "the

---

[1] Federal Rule of Civil Procedure 25(d) ("Rule 25(d)") provides that, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Bernadette Williams has assumed the position of Tax Assessor and succeeds

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 2

Defendants") to dismiss this action as moot.

## I. **FACTS**

Virgin Islands Unity Day Group, Inc. ("VIUDG") is a not-for-profit corporation organized under Virgin Islands law. VIUDG describes itself as an association of Virgin Islands taxpayers.

VIUDG initiated this action in April 2008 against the Government and Martin, in his official capacity as Tax Assessor. VIUDG alleged that the Defendants entered into a settlement agreement in another action before this Court. *See Berne Corp. v. Government of the Virgin Islands*, Civ. No. 2000-141 (D.V.I. filed July 7, 2000), and consolidated cases (the "Tax Litigation"). That case involved claims by owners of commercial real estate in the Virgin Islands subject to commercial real property taxes, that the tax system violated their procedural and substantive due process rights under the Fourteenth Amendment of the United States Constitution. *Berne Corp. v. Gov't of the V.I.*, 120 F.Supp. 2d 528, 535 (D.V.I. 2000).

The Plaintiffs refer to a number of events surrounding the Tax Litigation in pleading their complaint. To understand and give context to their claims, a brief overview of some of the

---

former Tax Assessor, Roy Martin. Pursuant to Rule 25(d) she is substituted in Martin's place as a party to this action.

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 3

procedural history in the Tax Litigation is necessary.

On May 12, 2003, the Court issued a Decree in the Tax Litigation which had an impact beyond the parties in that matter. The Court's May 12, 2003 Decree enjoined the Government of the Virgin Islands from assessing and issuing tax bills for all Virgin Islands real property owners until certain conditions were met. The first condition of the May 12, 2003 Decree was the establishment of a property tax system that reliably and credibly assessed and taxed all real property based on its actual value. The second condition required the Government to demonstrate to the Court's satisfaction that it has a functioning Board of Tax Review that consistently holds hearings and reaches determinations on appeals within sixty days. The Court permitted the Government to issue bills based on the assessment values for the 1998 calendar year reflected in the 1999 tax bills[2] if it provided a mechanism to adjust the assessments and bills

---

[2] In issuing its May 12, 2003 Decree the Court explained the requirement that the Government have certain procedures in place prior to having permission to issue tax bills during the pendency of the injunction:

> Because the 1999 property tax bills are illegal, being produced by an assessment system that violates federal law, the 1999 bills cannot form the basis for payment of property taxes for later years, unless the Legislature further amends 33 V.I.C. § 2402, to provide for retroactive adjustment of the bills for 1999, 2000, 2001, 2002, 2003, and 2004, once a fair and equitable system capable of consistently assessing their properties at their actual values is in place.

*Berne Corp. v Gov't of the V.I.*, 262 F.Supp.2d 540, 572 (D.VI 2003).

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 4

retroactively.

On March 10, 2008 the Virgin Islands legislature passed Act 6991, 2008 V.I. Sess. Laws 6991, which provided for the Governor to issue tax bills for 2006 during the 2008 fiscal year. In August 2008, the Government issued tax bills to Virgin Islands real property owners at rates not based on the 1998 assessment values. The Court found such issuance to be an act in contempt of the Court's May 12, 2003 injunction and ordered rescission of the illegaly issued bills. The Government appealed that determination to the Court of Appeals for the Third Circuit. The Third Circuit affirmed the Court's contempt finding.

In September 2009, the Government stated in an evidentiary hearing in the Tax Litigation that the 2006 tax bills issued at rates other than those based on the 1998 assessment levels were without effect.

On March 10, 2010, the Virgin Islands legislature passed Act 7154, 2010 V.I. Sess. Law 7154. That Act provided that "the Tax Assessor . . . may issue real property tax bills and collect taxes at the 1998 rate and assessment level for tax years 2006, 2007, 2008, 2009, and for future tax years, or until such time as the District Court vacates the May 12, 2003 Injunction or permits the Tax Assessor to collect property taxes at a rate other than that set forth in the Court's August 13, 2003 Order."

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 5

On January 20, 2011, the Court vacated the portion of the May 12, 2003 Decree enjoining the Government from issuing and collecting tax bills at rates other than the 1998 assessment values.

In Count One of its amended complaint, VIUDG claims that the Government violated 42 U.S.C. § 1983 ("section 1983") because the reassessment of real property conducted by the company the Government hired to conduct the reassessment, BearingPoint, denies members of the VIUDG substantive due process. Count Two asserts a section 1983 claim, stemming from the Government's alleged denial of meaningful review of the taxes assessed using the BearingPoint system. Count Three asserts a section 1983 claim in connection with BearingPoint allegedly classifying St. John property differently from similar property in St. Croix and St. Thomas "without reason or justification." (Am. Compl. ¶ 28.) In Count Four, the Plaintiffs seek declaratory and injunctive relief. The Plaintiffs attached as Exhibit B to their complaint an example of a 2006 tax bill. They assert that the "wildly inflated valuation" exists because of the "arbitrary and capricious method of assessing property" about which they complain. (Am. Compl. ¶ 6.)

## II. **DISCUSSION**

A mootness analysis "traditionally begins with 'the

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 6

requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Intn'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). The existence of a case or controversy requires "'(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.'" *Id.* at 915 (quoting *Dow Chem. Co. v. EPA*, 605 F.2d 673, 678 (3d Cir. 1979)). "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003).

"Moreover, it does not matter when the case becomes moot." The requirement that a case or controversy be 'actual [and] ongoing' extends throughout all stages of federal judicial proceedings, including appellate review." *Rendell v. Rumsfeld*, 484 F.3d 236, 240-41 (3d Cir. 2007) (quoting *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001)). "Hence, if a case becomes moot after the [trial court] enters judgment, an

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 7

appellate court no longer has jurisdiction to review the matter on appeal." *Id.* at 241 (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The defendant bears a "heavy burden" to establish mootness. *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 51 (3d Cir. 1987) (quoting *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 72 (1983)).

### III. ANALYSIS

The Plaintiffs repeatedly cite the BearingPoint assessment system as the source of their injury. However, an assessment system simply generates valuations. Absent the application of the values assessed, an assessment system is incapable of inflicting injury on an individual[3]. The reliance on the assessment methodology in the 2006 tax bills is what occasioned the injury about which the Plaintiffs complain.

The Defendants assert that the enactment of Act No. 7154, and the issuance of revised 2006 property tax bills using the 1998 assessment values, have mooted the Plantiffs' claims premised on the BearingPoint methodology. In support of their position, the Defendants offer an example of a 2006 tax bill that

---

[3] Indeed, the Government might choose to consult with any number of experts and could elect to rely on none. The Plaintiffs certainly do not challenge that exercise of executive discretion. It is the reliance on valuations that are implicated in an instrument of injury -- here, the tax bills -- that allegedly afflicts the Plaintiffs.

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 8

was reissued to a taxpayer pursuant to Act 7154. (Ex. 2, Defs.' Statement of Undisputed Facts).

The Plaintiffs claims all circle the BearingPoint assessment, either challenging the substance of the assessment methodology or the avenue for review of the BearingPoint assessments. Counts One and Three allege injury stemming from the Government's use of assessed values generated by BearingPoint. Count Two asserts that the Board of Tax Review does not offer "any meaningful method of appealing the arbitrary and capricious assessments developed as a part of the BearingPoint reassessment project . . . ." (Am. Compl. ¶ 24.) Count Four asks the Court to enjoin the "use of the assessed values as determined by BearingPoint pursuant to its Contract with the Government of the Virgin Islands[.]" (*Id.* at ¶ 33c.) Absent the issuance of tax bills using the BearingPoint methodology, it is unclear how the BearingPoint assessment project could continue to be regarded as the source of any legally recognized injury to the Plaintiffs.

In *Rendell v. Rumsfeld*, 484 F.3d 236 (3d Cir. 2007), Pennsylvania Governor Edward Rendell and other elected officials filed an action in the district court challenged the legality of recommendations made by Secretary of Defense Donald Rumsfeld to to the Defense Base Closure and Realignment Commission that the 111th Fighter Wing of the Pennsylvania National Guard be

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 9

deactivated. The district court issued an Order finding the Secretary's Order invalid.  The court found that the Secretary neglected to comply with a statute requiring the Secretary to seek the governor's approval before such a deactivation change is made.  Thereafter, the Secretary appealed the District Court's Order to the Court of Appeals for the Third Circuit.

During the course of the Secretary's prosecution of his appeal, the Commission declined to adopt Rumsfeld's recommendation.  Instead the Commission sent a report to the President which counseled preserving the "personnel allotted to the 111th Fighter Wing," even if changes were made to the organization's mission. *Rendell*, 484 F.3d at 239 (citing Commission Report at 96-97). The President then approved the recommendations set forth in the Commission's report. Subsequently, "the Commission's recommendations became law." *Id.* at 240.

Considering the matter, the Court of Appeals for the Third Circuit determined that the issue was moot and remanded to the district court with instructions to dismiss the case as moot because, "there [was] simply no controversy remaining." *Id.* at 241.  The Court noted that "[t]he Commission's Recommendations, the President's Report, and Congress' acquiescence have fully nullified Secretary Rumsfeld's recommendation."  That action is

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 10
instructive.

Here, the rescission of the 2006 tax bills and reissuance of 2006 tax bills based on the 1998 assessment values, has conclusively extinguished the life of the original 2006 tax bills. Significantly, after much review, the Court has neither seen nor been directed to any record evidence that the BearingPoint method was used as the basis for any pending tax bill. The Plaintiffs' claims would, thus, seem to have been mooted. *Cf. Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116 (10th Cir. 2010)("[E]ven when a legislative body has the power to re-enact an ordinance or statute, ordinarily an amendment or repeal of it moots a case challenging the ordinance or statute."); *Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1992) (noting that the court could not technically grant the appellant "effective relief on its claim that" a rescinded administrative order had been unlawfully approved). Even so, the Plaintiffs may still have grounds for their claims to be heard at this juncture.

Under the "capable of repetition" exception, "a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when '(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable


*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 11

expectation that the same complaining party will be subject to the same action again.'" *Rendell*, 484 F.3d at 241 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).  "The exception from the mootness doctrine for cases that are technically moot but 'capable of repetition, yet evading review' is narrow and available 'only in exceptional situations.'" *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975)).  "It is the burden of the moving party to establish that the issue is 'capable of repetition yet evading review.'" *N.J. Tpk Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 34 (3d Cir. 1985).

The Court must first examine whether the duration of the 2006 tax bills were too short to be fully litigated. In *Merle v. United States*, 351 F.3d 92, 95 (3d Cir. 2003), the Court of Appeals for the Third Circuit discussed the life span of a plaintiff's action petitioning for declaratory judgment that a provision of the Hatch Act, 5 U.S.C. § 7323(a)(3), which precludes federal employees from being candidates for any "partisan political office," was unconstitutional as applied to federal employees seeking Congressional office. The United States filed a motion to dismiss the plaintiff's claims for failure to state a claim, which the district court granted.  The plaintiff appealed that determination.

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 12

As the election for which the plaintiff wished to be a candidate concluded during the pendency of the appeal, the defendants argued that his appeal was moot. There, the court noted that "[t]he Government does not contest with much vigor, that as the duration of a campaign for the House of Representatives necessarily cannot exceed two years (the time between elections), the life expectancy of Merle's claim is too short to be litigated fully prior to cessation or expiration." *Merle v. United States*, 351 F.3d 92, 95 (3d Cir. 2003). The *Merle* Court found that his claim fell within the "capable of repetition yet evading review" exception. *Id.* at 95.

As in *Merle*, the active life of the original 2006 tax bills was fleeting. On August 19, 2008 the Government filed an informative notice that it would issue the 2006 tax bills. Shortly thereafter, on September 11, 2008, the Court held that the issuance of the bills violated the May 12, 2003 Decree and ordered that the Defendants rescind all 2006 tax bills issued at a rate other than that prescribed in the Decree.

However, the 2006 tax bills differ from the election challenge in *Merle* in an important respect. The duration inquiry looks to see if the action is "by its very nature short in duration, so that it could not or probably would not, be able to be adjudicated while fully alive." *In re Buffets Holdings, Inc.*,

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 13

393 Fed. Appx. 25 (3d Cir. 2010)(unpublished)(quoting *Finberg v. Sullivan*, 634 F.2d 50, 55 (3d Cir. 1980)). Whereas, the duration of a Congressional election period is set by statute, and "necessarily cannot exceed two years (the time between elections). . . . [and] [p]ractically, of course is much shorter than two years," *Merle*, 351 F.3d at 95, there is no statutory scheme setting an inherent expiration date for a taxpayer's obligation to pay a property tax bill. The short window to challenge the 2006 tax bills was a consequence of the extraordinary circumstances attendant with their illegal issuance and rescission. In the normal course, there is no suggestion that the existence of an obligation to pay a real property tax bill would be too short to permit a legal challenge.

The Court next considers the likelihood that the Plaintiffs will face tax bills, issued using the BearingPoint system which forms the basis of their complaint, in the future. In their opposition filed prior to the Court's January 20, 2011 Order lifting the injunction in the Tax Litigation, the Plaintiffs asserted that "[t]heoretically, this Court could vacate the *Berne* injunction next week and, in accordance with Act 7154, the Government would be free to issue new tax bills using the BearingPoint valuations that are at issue in this litigation." (Opp. to Mot. for Summ. J. 5.) The day about which Plaintiffs

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 14

spoke is here.

The Plaintiffs, however, fail to establish that the BearingPoint valuations would be the operative assessment values going forward. The Virgin Islands Code provides: "[t]he tax assessor shall once every five (5) years, upon actual view, value and assess all residential real property as defined in Section 2301(c)(2) of this title subject to taxation in the Virgin Islands." V.I. Code ann. tit. 33, § 2402(a). Likewise, the Code provides for the assessment once every five years of commercial property. *Id.* at § 2402(b). The Plaintiffs allege that "in the summer of 2003 . . . the Government contracted with Bearing Point for purposes of conducting the reassessment of all real property in the Virgin Islands." (Am. Compl. ¶ 12.) The Tax Assessor Bernadette Williams has stated that "the Bearing Point revaluation began in June 2003." (Aff. of Tax Assessor Bernadette Williams.)

Given the assessment scheme set forth in the Code, it is not pre-ordained that the Plaintiffs will receive tax bills using the BearingPoint assessment system that is challenged in their complaint. The Court thus finds that the Plaintiffs have failed to meet the heavy burden of demonstrating that their action falls into the "capable of repetition" exception to the mootness doctrine. *See N.J. Tpk. Auth.*, 772 F.2d at 34 ("'Capable of

*Virgin Islands Unity v. Gov't of the Virgin Islands, et al.*
Civil No. 2008-47
Memorandum Opinion
Page 15

repetition' is not a synonym for 'mere speculation'; it is a substantive term on which the moving party must provide a reasonable quantity of proof-perhaps even by the preponderance of the evidence."); *Cobb v. Yost*, 342 Fed Appx. 858, 859 (3d Cir. 2009)(unpublished)(finding that a released prisoner who had challenged prison conditions could not meet his burden for showing that the "capable of repetition yet evading review" exception applied where he was relying on speculation that he would return to prison); *Rumsfeld*, 484 F.3d at 242 (remarking that "[i]t would be speculation upon speculation were one to attempt a prediction" regarding future action by Congress or the Secretary of Defense with respect to the deactivation of a military base)[4]. Having found that the Plaintiffs' action is

---

[4] The Plaintiffs urge the Court to presume that the Government will use the BearingPoint system in its assessment of future tax bills. They note that "[t]he Government has indicated its intention to use the BearingPoint work just as soon as the *Berne* injunction is lifted." (Opp. to Summ. J. 5.) The Plaintiffs have failed to direct the Court to any such indication in the record. They further assert that "although we are now in the new base year for the mandatory five year reassessment there is no indication that the Government has taken any steps whatsoever to begin that reassessment." (*Id.*) The Government may elect to use the 1998 assessment values or other assessment values. The Plaintiffs seek to shift the burden to the Government to establish that it will not repeat the use of the BearingPoint system. However, it is the Plaintiffs' burden to demonstrate that they will be "subject to the same action again." *Rendell*, 484 F.3d 241.

*Addie, et al. v. Kjaer, et al.*
Civil No. 2004-135
Memorandum Opinion
Page 16

moot, and does not present an exception to the mootness doctrine, the Court will grant the Defendants' motion to dismiss.

    An appropriate Order follows.

                                                S\_____
                                                  **CURTIS V. GÓMEZ**
                                                    **Chief Judge**